UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Scott M. Schooley, | ) | CASE NO. 1:09 CV 2748 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greg White (Doc. 20) recommending that the decision of the Commissioner be affirmed. This is a social security case. For the reasons that follow, the Report and Recommendation ("R&R") is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

Only those facts necessary for a resolution of plaintiff's objections will be set forth herein.

Plaintiff suffered a gunshot wound to the head. Thereafter, plaintiff filed an application

1

for Period of Disability and Disability Insurance Benefits, claiming that he is disabled due to severe headaches and back pain. Plaintiff also indicated that he suffers from mental impairments, including depression and anxiety. The ALJ concluded that plaintiff suffers from the severe impairments of post gunshot wound to his head, headaches, and degenerative disc of the lumbar spine. Although concluding that plaintiff is "moderately" limited in regard to concentration, persistence, or pace, the ALJ determined that plaintiff's mental impairments are not "severe." At step three of the five-step analysis, the ALJ concluded that the impairments do not meet or medically equal a listed impairment. Although concluding that plaintiff's mental impairments were not severe, the ALJ nonetheless addressed these non-severe impairments in assessing plaintiff's residual functional capacity ("RFC").

Thereafter, the ALJ proceeded to step five. At step five, the ALJ asked the vocational expert a hypothetical question. In addition to physical limitations, the hypothetical question limited plaintiff to "no high production quotas or piece work." The vocational expert identified several jobs that plaintiff could perform. Accordingly, the ALJ concluded that plaintiff is not disabled. The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied further review. Plaintiff appeals to this Court. The Magistrate Judge recommends that the Court affirm the decision of the Commissioner. Plaintiff objects to the R&R

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> ...The district judge to whom the case is assigned shall make a de

> novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

### ANALYSIS

Each objection will be addressed in turn.

1.     Mental impairments

Plaintiff objects to the R&R on the grounds that the Magistrate Judge erroneously concluded that the ALJ's failure to find plaintiff's mental impairments to be "severe" at step two constitutes harmless error.  Plaintiff further objects to the Magistrate Judge's conclusion that the ALJ properly considered plaintiff's mental impairments at steps four and five.

Upon review, the Court rejects plaintiff's arguments.  Provided the ALJ finds one severe impairment at step two, the failure to find additional impairments to be severe is not reversible error provided the ALJ considers all of plaintiff's impairments in the remaining steps of the disability determination.  *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Fisk v. Astrue*, unreported, 253 Fed. Appx. 580, 583 (6th Cir. 2007).  Thus, assuming *arguendo* that the ALJ erred in concluding that plaintiff's mental impairments are not severe, the error is harmless provided the mental impairments were properly considered at the remaining steps of the sequential analysis.

The Magistrate Judge correctly found that the ALJ considered plaintiff's mental limitations at steps four and five. The ALJ addressed plaintiff's testimony, noted Dr. Wax's lack of diagnoses of anxiety or depression, and pointed out that Dr. Wax concluded that plaintiff's GAF level suggested no more than mild mental limitations. The ALJ further relied on plaintiff's own statements and his range of activities, which includes getting his children ready for school, driving, preparing meals, mowing the yard, doing laundry, loading and unloading the dishwasher, shopping, attending church, coaching youth sports teams, and attending professional sporting events. Plaintiff also argues that the ALJ's hypothetical failed to take into account all of plaintiff's limitations. Specifically, plaintiff claims that the hypothetical failed to properly reflect plaintiff's "moderate limitations in concentration, persistence, or pace." This Court disagrees. The hypothetical posed to the vocational expert limited plaintiff to no "high production quotas or piece work." This limitation is consistent with an individual who is moderately limited in concentration, persistence, *or* pace. Plaintiff fails to articulate what specific job related limitation the ALJ failed to include in the hypothetical. As the Magistrate Judge notes, the Sixth Circuit has held that the inclusion in the hypothetical of a generic limitation of "concentration, persistence, or pace" is insufficient where the record evidence establishes more specific job limitations. *See, Ealy v. Commissioner of Social Sec'y*, 594 F.3d 504 (6th Cir. 2010)(concluding that hypothetical limiting plaintiff to "simple, repetitive tasks" inaccurately reflected plaintiff's ability to work only "two hour segments over an eight-hour day where speed was not critical."). Here, the ALJ limited plaintiff's ability to engage in high production quota work and piece work. Plaintiff wholly fails to identify any other specific work limitation present in the record that the ALJ failed to include in the hypothetical. It appears that

4

plaintiff argues that a moderate limitation in "concentration persistence or pace" must include limitations other than high production quota and piece work. Plaintiff cites no record evidence or law supporting this assertion. To the contrary, no doctor diagnosed plaintiff with depression or anxiety. The ALJ concluded that plaintiff's mental impairments are not severe, although he gave plaintiff the "benefit of the doubt" in concluding that plaintiff is moderately limited in concentration, persistence, or pace. Dr. Wax found only mild limitations in these areas and assigned a GAF of 61, indicating only mild limitations. In sum, plaintiff does not suggest, and the record does not reflect, that the ALJ's conclusion that plaintiff is moderately limited in concentration persistence or pace results in job limitations other than those included in the hypothetical.[1] *See, Smith v. Halter*, 307 F.3d 377 (6th Cir. 2001). Accordingly, by limiting plaintiff to work not involving high production quotas or piece work, the ALJ properly incorporated plaintiff's limitations. Plaintiff's argument to the contrary is rejected.

2. Development of the record

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in developing the record regarding a possible limitation attributable to an organic brain disorder. Plaintiff points out that the medical expert indicated that he had limited information from mental health professionals. According to plaintiff, the medical expert was unable to properly evaluate whether plaintiff met or equaled listings 11.04 or 12.02.

Upon review, the Court agrees with the Magistrate Judge's conclusions. As the

---

[1] Dr. Wax concluded that plaintiff is moderately limited in his ability to understand, remember, and follow instructions. Because the ALJ did not find plaintiff limited in this regard, the ALJ did not include any such limitations in the hypothetical. Plaintiff does not challenge the ALJ's rejection of this conclusion in his objections.

Magistrate Judge correctly notes, there is a "heightened duty" on the part of the ALJ to develop the record where plaintiff is not represented by counsel. This heightened duty does not apply here, as counsel represented plaintiff throughout the proceedings before the ALJ. Moreover, the Magistrate Judge correctly notes that the burden of establishing disability lies with the plaintiff. In his case, the ALJ used his discretion and ordered an examination by a neurological/physiatrist. His decision not to order a further examination is not error.

**CONCLUSION**

For the foregoing reasons, and for the reasons stated by the Magistrate Judge, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED. The R&R is hereby incorporated by reference.

IT IS SO ORDERED.

                         /s/ Patricia A. Gaughan
                         PATRICIA A. GAUGHAN
                         United States District Judge

Dated: 12/16/10